[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 101)
The present action involves the Connecticut Fair Employment Practices Act ("CFEPA"). On January 20, 1999, the plaintiff, Wanda Simmons, brought a five-count complaint against the defendant, People's Bank. In the complaint, the plaintiff alleges that she was sexually harassed and discriminated by the actions of the defendant and/or its agents. The five counts sound in, respectively, a hostile work environment in violation of General Statutes § 46-51 et seq.; quid pro quo sexual harassment in violation of §§ 46a-58, 46a-60(a)(8); retaliation in violation of § 46a-60(a)(4); intentional infliction of emotional distress and negligent infliction of emotion distress.
On February 3, 1999, the defendant filed a motion on to dismiss the first, second and third counts of the complaint on the ground that the court lacks subject matter jurisdiction over these counts. Specifically, the defendant argues that, pursuant to General Statutes § 46a-82(e), the court is deprived of jurisdiction because the plaintiff did not timely bring her CT Page 5199 claims to the Commission on Human Rights and Opportunities (CHRO).
The plaintiff filed an objection to the motion to dismiss on February 22, 1999. In the accompanying memorandum of law, the plaintiff argues that she has alleged continuous violations and thus is within the 180 day limitation established by § 46a-82(e)
"A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v. MetalProducts Corp., 44 Conn. App. 446, 451-52, 689 A.2d 1145 (1997). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. . . . The point has been frequently made." (Citations omitted; internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996)
General Statutes § 46ba-82 (formerly § 31-127) provides that "[a]ny complaint filed pursuant to [the Fair Employment Practices Act] must be so filed within one hundred and eighty days after the alleged act of discrimination. . . ." In Veeder-Root Co. v.Commission on Human Rights Opportunities, 165 Conn. 318,334 A.2d 443 (1973), the court "established that the limitation period of [46a-82] acted as a limitation on the remedy rather than a limitation on the time one can bring a cause of action . . . thus, under [§ 46a-82], the maximum period for which one can recover for past acts of discrimination is 180 days preceding the filing of the complaint." State v. Commission onHuman Rights Opportunities, 211 Conn. 464, 472, 559 A.2d 1120
(1989). Therefore, "rather than acting as a complete bar to the complaint, the limitation period [served] as a bar to the recovery of back pay before the [180] day period prior to the complaint. . . ." (Citations omitted; internal quotation marks omitted.) Id., 472-73. Moreover, while the complaint contains references to dates more than 180 days outside the limitations period, the complaint also alleges that the defendants conduct continued past the specific incidents mentioned. In State v.CT Page 5200Commission on Human Rights Opportunities, supra,211 Conn. 473, the court observed that "discrete incidents occurring during a continuum of discriminatory employment may constitute fresh violations of the CFEPA.
In light of the holdings of both Veeder-Root Co. and State, the court does not lack jurisdiction over the first three counts of the plaintiffs complaint even if the allegations therein were construed to allege only conduct that is outside the 180 day limitations period. See Werge v. Southern New England Telephone,
Superior Court, judicial district of New London at New London, Docket No. 527516 (May 23, 1994, Leuba, J.) (motion to strike denied; the 180 day limitations period applies only to the amount of damages the plaintiffs will recover, thus the plaintiffs are not barred from bringing their claims).
Therefore, the defendant's motion to dismiss the first, second and third counts of the complaint is denied.
SKOLNICK, J.